IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| DARLENE GASKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.10-4076 -WEB |
| ) | |
| DEPARTMENT OF THE ARMY, ) | |
| BY JOHN MCHUGH, ) | |
| SECRETARY OF THE ARMY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

This action is before the court on the defendant's Motion to Dismiss (Doc. 9) filed on February 18, 2011. On March 28, 2011, the defendant filed a Motion for Ruling to Decide Motion as Uncontested (Doc. 12). Seeing that the Plaintiff filed a response (Doc. 13) on April 12, 2011, the Court finds that the motion to decide as uncontested is now moot.

Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust her administrative remedies; that this court lacks subject matter jurisdiction; and that the Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff argues that she did exhaust her administrative remedies. She also asserts that she has stated a claim for race and gender discrimination and retaliation under the notice provisions Federal Rules of Civil Procedure Rule 8 requires for pleadings.

1

**Factual Allegations**

The following is a summary of the allegations found in Plaintiff's complaint. The plaintiff, Darlene Gaskins, is a citizen of the United States of African decent. She began her most recent employment with Defendant in September, 2006, as a registered nurse in the Emergency Department of Irwin Army Hospital (hereinafter hospital) at Fort Riley, Kansas. Plaintiff worked under the direction of Lt. Colonel John Groves. Effective November 11,2007, Plaintiff became the Supervisory Clinical Nurse. At the time of Plaintiff's appointment to the supervisory position she received a substantial pay increase. Upon filling the position Plaintiff was not provided with any standards for her position or any plan for how the new position was to function within the hospital. Plaintiff, drawing on her years of experience in the medical profession dating back to 1983, developed and implemented processes and procedures to maximize staffing and performance on behalf of the patients at the hospital.

During the term of Plaintiff's tenure in the Supervisory Clinical Nurse position she performed her duties in a most satisfactory to exemplary manner. In early March, 2008, in accord with the performance of Plaintiff's duties she proposed the removal of a subordinate nursing staff member for her failure to obtain required certification for the position in which she was employed.

Lt. Colonel Groves, Chief of Nursing Operations, without consulting Plaintiff (and after Plaintiff had given notice to the employee of her removal), overruled Plaintiff's decision and without notice to the Plaintiff retained the employee.

On March 14, 2008, Lt. Colonel Groves removed Plaintiff from the supervisory position. According to Plaintiff, the removal was without justification or legitimate reason. Throughout Plaintiff's tenure as the Supervisory Clinical Nurse, Lt. Colonel Groves allegedly refused to support Plaintiff's decision, made inappropriate and disparaging remarks against females based on gender, and subjected Plaintiff to disparate treatment because of her race. Plaintiff alleges that similarly situated white supervisory staff members under Lt. Colonel Groves' supervision were afforded more favorable treatment than Plaintiff within the hospital.

Following Plaintiff's removal from the Supervisory Clinical Nurse position she sought positions for which she was qualified, including case manager and assistant head nurse of the emergency room at the hospital. The complaint alleges that Plaintiff was denied the positions as a further act of discrimination or retaliation for having previously engaged in protected conduct.

As a result, Plaintiff has allegedly sustained serious losses, including loss of pay and future pecuniary losses, lost benefits and has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and other non-pecuniary losses as a direct result of the alleged racial, gender-based discrimination or retaliation by the Defendant.

**Defendant's Argument**

Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff has failed to exhaust her administrative remedies with respect to her non-selection for the

position of Assistant Head Nurse at Irwin Army Hospital, Fort Riley, Kansas. Accordingly, Defendant argues that this court lacks subject matter jurisdiction with regard to that claim. Fed.R.Civ.P. 12 (b)(1). Furthermore, Defendant asserts that Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant alleges that Plaintiff has failed either to plead a *prima facie* case or to state sufficient facts to establish the existence of plausible claims of disparate treatment based on race or gender or retaliation related to Plaintiff's non-selection for the Case Manager and Assistant Head Nurse positions.

**Plaintiff's Argument**

Plaintiff argues that this matter was heard by the administrative judge over a 2 day period and resulted in a 66-page bench decision which was adopted by the Secretary of the Army resulting in the exhaustion of administrative remedies. Plaintiff asserts that the final agency decision is sufficient on its face to warrant denial of Defendant's Motion.

With regard to the retaliation argument, Plaintiff concedes that the complaint merely asserts Plaintiff engaged in protected conduct prior to her application for the two case manger positions, she asserts that the attachment to the complaint (the final agency decision) identifies that the reprisal was for prior protected Title VII activity.  The final agency decision was filed along with the complaint further demonstrating (according to Plaintiff) her exhaustion of her administrative remedies.

Plaintiff contends that detailed pleading is not required by the notice provisions for

pleading contained in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff asserts that she has sufficiently stated a claim and dismissal is not warranted.

**Rule of Law**

### I. Jurisdiction

A Rule 12(b)(1) motion can challenge either the sufficiency of the pleadings to establish federal jurisdiction or the substance of the jurisdictional allegations despite the formal sufficiency of the complaint. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Where a defendant challenges the actual existence of jurisdiction, a plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving jurisdiction exists by a preponderance of the evidence. *Holt*, 46 F.3d. at 1003; *see also U.S. ex rel Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

When reviewing a factual attack on the basis of the court's jurisdiction, a court may not accept the allegations in the complaint as true and has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Holt*, 46 F.3d at 1003. In a factual attack under rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Id.* (emphasis added). *See also Reith v. Swenson*, 1993 WL 108056, *4 (D.Kan. 1993) (holding that "a court is generally free to weigh and review materials outside of the pleadings when making its factual determination concerning subject matter jurisdiction.").

Defendant argues that Plaintiff's claim that her non-selection for the position of Assistant Head Nurse was motivated by retaliation in violation of Title VII should be dismissed because she failed to administratively exhaust this claim in her formal EEO complaint, and that accordingly, the Court lacks subject matter jurisdiction. Since jurisdiction is a threshold issue, the Court will address it first.

"It is undeniable that a principle purpose of the exhaustion requirement is to permit the parties to resolve their dispute without resort to litigation." *McDonald-Cuba v. Santa Fe Protective Services, Inc.,* 2011 WL 1746204 at 3 (10th Cir. (N.M.)). "[R]equiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings. This in turn serves to facilitate internal resolution of the issue rather than promoting costly and time-consuming litigation." *Martinez v. Potter,* 347 F.3d 1208, 1211 (10th Cir. 2003).

In evaluating whether a plaintiff has exhausted her administrative remedies, courts have looked slightly beyond the four corners of a plaintiff's administrative charge to look to the substance rather than merely the label. *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006)(*citing Fellows v Universal Restaurants, Inc.,* 701 F.2d 447, 451 (5th Cir. 1983)). A Title VII complaint is limited to what can "reasonably be expected to grow out of" the complaint. *Pacheco,* 448 F.3d at 789.

Defendant asserts that Plaintiff's claims at the administrative level did not include any claim involving her non-selection for the position of Assistant Head Nurse. Defendant contends that since Plaintiff failed to exhaust her administrative remedies with

regard to her claim that retaliation was the reason she was denied the Assistant Head Nurse position, she should be precluded from making this claim in court. 29 C.F.R. § 1614.105(a)(1).

In accordance with *Holt,* since the defendant has challenged jurisdiction, plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving jurisdiction exists by a preponderance of the evidence. Although Defendant's Memorandum in Support of Defendant's Motion to Dismiss (Doc. 10) clearly challenges jurisdiction, Plaintiff's response concedes that the complaint merely asserts Plaintiff engaged in protected conduct prior to her application for the two case manager positions, but contends that the attachment to the complaint (Doc. 1-1, the final agency decision) "identifies that the reprisal was for the prior protected Title VII activity." Doc. 13, pp.2-3.

Title VII contains a limited waiver of the United States' sovereign immunity for claims of federal employment discrimination; however, this waiver is specifically conditioned upon proper and timely exhaustion of EEO administrative remedies. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-4 (1990). It is well settled that a federal employee must exhaust all available administrative remedies before filing an employment discrimination complaint in the district court. *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) (stating "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies . . .");

*see also Hall v. U.S. Postal Serv.*, 857 F.2d 1073, 1078 n.4 (6th Cir. 1988). The purpose of the requirement is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998) (citing *EEOC v. Bailey*, 563 F.2d 439, 447 (6th Cir. 1977)).

The EEOC has promulgated regulations governing the acceptance and processing of discrimination complaints in federal employment cases. *See* 29 C.F.R. §§ 1614.104 - 1614.110 (detailing administrative processing of federal Title VII complaints). These rules are not mere technicalities but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." *Brown*, 425 U.S. at 833; *see also McKart v. United States*, 395 U.S. 185, 195 (1985); *Davis*, 157 F.3d at 463.

In order to exhaust all administrative remedies, a federal employee must initiate contact with an agency EEO counselor within 45 days from the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1). Additionally, a federal employee must file his/her Formal EEO Complaint within 15 days of his/her Notice of Final Interview. 29 C.F.R. § 1614.106(b).

Failure to completely, properly, and timely exhaust administrative remedies deprives courts of subject matter jurisdiction and subjects a judicial complaint to dismissal.

The Court has read and reread the attachment to the Complaint, and unfortunately it does not disclose any specific allegations of retaliation. In fact, the attachment states that "[s]ubsequent to the hearing held on February 8 and 9, 2010, the EEOC AJ found that [Plaintiff] had not been the victim of discrimination as claimed. Based on my evaluation of this matter on behalf of the Secretary of the Army, I have decided to implement the EEOC AJ's decision set forth in the bench decision consisting of 66 pages." Doc. 1-1, p.1. Plaintiff has not supplied the 66-page decision of the EEOC AJ, but based on the entire record that has been presented to the Court, the Court cannot find that a claim of retaliation was raised at the administrative level–let alone whether administrative remedies for such a claim were fully exhausted.

"Judges are not expected to be mindreaders." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988). The burden is on the plaintiff to show by the preponderance of the evidence that she has exhausted her administrative remedies so that this Court has jurisdiction. Plaintiff merely referred to attachments located on the docket, which do not confirm her claim that she previously asserted her claim for retaliation and exhausted the administrative remedies. Plaintiff has failed to produce any evidence to the Court, even after subject matter jurisdiction was clearly challenged by Defendant. Since the Court does not have subject matter jurisdiction over Plaintiff's claim of retaliation, it need not proceed to the merits of whether she has plead sufficient facts for the claim.

Therefore, since Plaintiff has not produced evidence of her exhaustion of administrative remedies on her claim of retaliation, it is dismissed for lack of subject

matter jurisdiction.

### II. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also B&B Hardware, Inc. v. Hargis Indus.,* 569 F.3d 383, 387 (8th Cir. 2009). All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir. 1984). The Court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.*

However, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly* at 556).

A complaint also must contain allegations giving defendants "fair notice of what the ... claim is and the grounds upon which it rests." *Id*. at 1961 (quoting *Twombly* at 555). Moreover, the Court need not assume that the plaintiff can prove facts different

10

from those alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims. *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir. 2002)(citations partially omitted).

Plaintiff's complaint claims "violations of discriminatory and retaliatory actions against Plaintiff because of her race, sex and in retaliation for having engaged in prior activity." Doc. 1, p.1. Since the Court has already addressed the claim of retaliation, the only remaining claim is the discrimination. The Court has jurisdiction over the discrimination claim pursuant to 42 U.S.C. §2000e-5(f)(3).

To establish a prima-facie case of disparate treatment discrimination in violation of Title VII, a plaintiff must show that: (i) she is a member of a protected class; (ii) she suffered an adverse-employment action, and (iii) similarly situated employees were treated differently. *See Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir.2005); *Velasquez v. Frontier Med. Inc.*, 375 F.Supp.2d 1253, 1271 (D.N.M.2005).

Plaintiff has sufficiently alleged that she is a member of a protected class, and she has also alleged that she suffered an adverse-employment action (she was removed from her supervisory position).

In her Complaint, Plaintiff has made the allegation that she "was subjected to disparate treatment because of her race," (Doc. 1 at ¶ 18), and that "[s]imilarly situated white supervisory staff members...were afforded more favorable treatment than Plaintiff

within the hospital." Doc. 1 at ¶ 20.  She also claims that she was removed from her supervisory position "without justification or legitimate reason" (Doc. 1 ¶ 17), that Lt. Colonel Groves "refused to support Plaintiffs' decision [and] made inappropriate and disparaging remarks against females based on gender."  Doc. 1 at ¶ 18.  She further claims that she was denied other supervisory positions after being removed from the Supervisory Clinical Nurse position, and she claims that these denials were acts of discrimination.  Doc. 1 at ¶¶ 21-23.

Defendant contends that Plaintiff has failed to allege sufficient facts, such as relevant time frames, the identity of the white employees, and how they were treated better, to set forth a plausible claim for relief under a disparate treatment theory. *Iqbal*, 129 S. Ct. at 1949.  Additionally, Defendant asserts that while Plaintiff has alleged that she suffered the adverse action of being demoted from the position of Supervisory Clinical Nurse, she has merely alleged that she was demoted without justification or legitimate reason--not that she was demoted for a reason prohibited by Title VII.

"To prevail on a disparate treatment claim under Title VII, a plaintiff must show that his employer intentionally discriminated against him for a reason prohibited by statute."  *Jarmillo v. Colo. Jud. Dep't,* 427 F.3d 1303, 1306 (10 Cir. 2005) (*citing Salguero v. City of Clovis*, 366 F.3d 1168 (10th Cir. 2004), "[Title VII] prohibits only intentional discrimination *based upon* an employee's protected class characteristics.").

Under *Iqbal*, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action' will not do." *Iqbal*, 129 S. Ct. at 1949.

Here, that is precisely what Plaintiff has done.  In order to satisfy the prima facie element that " similarly situated employees were treated differently" on her race discrimination claim, Plaintiff alleges that "[s]imilarly situated white supervisory staff members under Lt. Colonel Groves['] supervision were afforded more favorable treatment than Plaintiff within the hospital." Doc. 1 at ¶20.  This type of recitation of the elements of a cause of action, without further allegations, is insufficient.

With regard to Plaintiff's gender discrimination claim, she has again failed to allege any facts, such as allegations regarding the relevant time frames, the identity of the individuals involved, or the substance of any discriminatory comments allegedly made, any of which could have helped her to set forth a plausible claim for relief.   Since she has only alleged that "inappropriate and disparaging remarks against females based on gender" were made, but she has not stated any facts showing that similarly situated employees were treated differently, she has not sufficiently pled this cause of action. *Iqbal,* 129 S. Ct. at 1949.

**Conclusion**

Therefore, the Court finds that the Motion for Ruling to Decide Motion as Uncontested (Doc. 12) is denied as MOOT.

Plaintiff's claim for retaliation is hereby dismissed without prejudice, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, based on Plaintiff's failure to show exhaustion of said claim.

The Court further finds that Plaintiff has failed to set forth sufficient facts to state a

cognizable claim that she was subjected to disparate treatment based on her race or gender in violation of Title VII.  Plaintiff is granted until October 11, 2011 to amend her complaint pursuant to D. Kan. Rule 15.  If no amendment is filed by that date, Defendant's Motion to Dismiss (Doc. 9) will be GRANTED and the case will be dismissed for failure to state a claim pursuant to Fed.R. Civ.P. 12(b)(6).

IT IS SO ORDERED this 26th day of September 2011, at Wichita, Kansas.

s/ Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge