IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

DARLENE GASKINS,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )          Case No.10-4076 -WEB
                                    )
DEPARTMENT OF THE ARMY,             )
BY JOHN MCHUGH,                     )
SECRETARY OF THE ARMY,              )
                                    )
                Defendant.          )

MEMORANDUM AND ORDER

On September 26, 2011, this Court issued a Memorandum and Order (Doc. 22)

regarding Defendant's Motion to Dismiss (Doc. 9).  In that order, Plaintiff's claim for

retaliation was dismissed without prejudice, pursuant to Fed.R.Civ.P. 12(b)(1), based on

Plaintiff's failure to show exhaustion of said claim.  The Court further found that Plaintiff

had failed to set forth sufficient facts to state a cognizable claim that she was subjected to

disparate treatment based on her race or gender in violation of Title VII.  The Court gave

the Plaintiff leave until October 11, 2011 to amend her complaint pursuant to D. Kan.

Rule 15.  On October 11, 2011, Plaintiff filed an Amended Complaint (Doc. 23).

Seeing that Plaintiff has amended her complaint, the Motion to Dismiss (Doc. 9)

with regard to the original complaint is moot.

Defendant filed a Motion to Compel or Dismiss (Doc. 17) on June 20, 2011,

requesting an order dismissing this action, or in the alternative, directing Plaintiff to

provide Defendant with complete answers to its interrogatories and requests for production of documents.  Defense counsel certifies that he has made good faith attempts to confer with Plaintiff's counsel to secure complete answers to interrogatories and requests for production prior to filing the motion.

A review of the docket shows that Defendant served Plaintiff on March 18, 2011 with interrogatories, requests for production of documents and requests for admissions (Doc. 11).  On April 19, 2011, Plaintiff filed a motion (Doc. 14) seeking more time to respond to Defendant's discovery requests.  The motion was granted in an order (Doc. 15) that same day.  Plaintiff was granted until May 20, 2011 to serve discovery responses.

Defendant's motion (Doc. 17) asserts that on April 27, 2011, Defendant sent an email to Plaintiff's counsel to remind him of the discovery deadlines.  Doc. 17, Exhibit 1. Defendant states that on May 16, 2011, counsel for Defendant and Plaintiff discussed the deadlines via phone.  Defendant claims to have received Plaintiff's partial answers to interrogatories on May 20, 2011.  Defendant asserts that the responses were incomplete because they did not provide the requested salary information in interrogatory 3, responsive documents to interrogatory 13, and did not provide documents in response to Defendant's requests for production of documents.  Defendant contends that again on June 15, 2011, it attempted, albeit unsuccessfully, to contact Plaintiff's counsel by phone. That same day, Defense counsel sent an email to Plaintiff's counsel pointing out the insufficient nature of Plaintiff's responses to Defendant's interrogatories and requests for production of documents.  Doc. 17, Exhibit 4.  Defendant claims that although it received

2

documents purporting to be responsive to interrogatory 13 on June 17, 2011 (Doc. 17, Exhibit 5), the documents did not include the documents promised by Plaintiff, did not include the salary information requested, and did not include responses to requests for production of documents.

Plaintiff filed a response (Doc. 18) to Defendant's Motion to Compel, in which she states that she has "agreed to provide the requested discovery within a reasonable time." Doc. 18, p. 2.   The response claims that Plaintiff's counsel did all he could to comply with the request for documents to be produced and Plaintiff has agreed to continue to timely locate and produce documents in her custody.

"Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

The Court notes that in Plaintiff's response to the motion to compel she agreed to provide the requested discovery within a reasonable time.   Therefore the Court finds that dismissal is an inappropriate sanction at this time.   Plaintiff is given until November 4, 2011 to produce the requested discovery.   The Court finds that the amount of time granted to comply with the discovery requests is reasonable, noting that the Motion to Compel (which was filed after multiple contacts between counsel) was filed June 20, 2011.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 9) is MOOT.

IT IS FURTHER ORDERED that Defendant's Motion to Compel or Dismiss (Doc. 17) be GRANTED IN PART and DENIED IN PART.  To the extent the motion requests that the Court dismiss the case, the motion is denied.  To the extent the motion requests the Court issue an order to compel Plaintiff to produce discovery requests, the motion is granted.  Plaintiff is ordered to produce the requested discovery by November 4, 2011.

IT IS SO ORDERED this 27th day of October 2011, at Wichita, Kansas.


Wesley E. Brown
U.S. Senior District Judge